IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00216-PAB-NYW

TAYLOR MILLER,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

## ORDER GRANTING MOTION TO AMEND

Magistrate Judge Nina Y. Wang

    This matter comes before the court on Defendant State Farm Mutual Automobile Insurance Company's Opposed Motion to Amend its Answer and Jury Demand and its Statement of Claims and Defenses in the Scheduling Order, and to Withdraw Undisputed Fact No. 6 from the Scheduling Order ("Motion to Amend" or the "Motion") [Doc. 22, filed September 7, 2021]. The undersigned considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated March 24, 2021 [Doc. 11], and the Memorandum dated September 7, 2021 [Doc. 23]. This court concludes that oral argument would not materially assist in the resolution of this matter. Accordingly, upon careful review of the Motion and associated briefing, the applicable law, and entire case file, I respectfully **GRANT** the Motion to Amend.[1]

---

[1] "Whether motions to amend are dispositive is an unsettled issue in the 10th Circuit." *Cano-Rodriguez v. Adams Cty. Sch. Dist. No. 14*, No. 19-cv-01370-CMA-KLM, 2020 WL 6049595, at *1 n.2 (D. Colo. July 23, 2020), *report and recommendation adopted*, 2020 WL 4593219 (D. Colo. Aug. 11, 2020). While "many courts have held that a recommendation to deny a motion to amend ... should be viewed as a dispositive ruling because it precludes the filing of certain claims," *Crocs, Inc. v. Effervescent, Inc.*, No. 06-cv-00605-PAB-KMT, 2021 WL 941828, at *2 n.1. (D. Colo. Mar. 11, 2021); *see also Bullock v. Daimler Trucks N. Am., LLC*, No. 08-CV-00491-PAB-MEH, 2010 WL 1286079, at *1 (D. Colo. Mar. 29, 2010) (observing that it "makes good sense" to

## BACKGROUND[2]

This case arises out of a vehicle collision that occurred on or about October 31, 2020. [Doc. 3 at ¶ 5]. Plaintiff Taylor Miller ("Plaintiff" or "Mr. Miller") was driving a 2019 Nissan Frontier when he was struck by another vehicle, a 2010 Ford Flex, driven by Marco Escobar-Perez. [*Id*. at ¶¶ 10–16]. At the time of the collision, Mr. Escobar-Perez was "underinsured with respect to Plaintiff's injuries, damages and losses." [*Id*. at ¶ 45]. Mr. Miller suffered damages in the collision. *See* [*id*. at ¶¶ 19, 28]. Mr. Miller alleges that, prior to the collision, he "entered into a contract or was the beneficiary of a contract with Defendant State Farm for the purpose of obtaining automobile insurance, which policy includes coverage for claims involving underinsured motorists." [*Id*. at ¶ 75].

After the collision, Mr. Miller submitted a claim to State Farm for payment of UIM benefits. [*Id*. at ¶¶ 47, 75]. State Farm did not make an offer of benefits to Mr. Miller. [*Id*. at ¶ 49]. Plaintiff initiated this action by filing a Complaint in Boulder County District Court on January 11, 2021, alleging, *inter alia*, that State Farm improperly denied him UM/UIM coverage following the collision. [*Id*. at ¶¶ 6, 74–92]. Defendant removed the case to this court on January 24, 2021 based on diversity jurisdiction. *See* [Doc. 1]. Defendant filed its Answer to the Complaint on February 1, 2021 [Doc. 8]. This court convened a Scheduling Conference on April 7, 2021, and issued a Scheduling Order setting a deadline for amendment of pleadings: April 28, 2021. [Doc. 17 at 8; Doc. 18 at 2].

---

distinguish between allowing and denying an amendment in considering whether to use an order or recommendation as a magistrate judge), courts in this District have treated orders granting motions to amend as non-dispositive. *See Gould v. Union Pac. R.R. Co.*, No. 19-cv-02326-PAB-NRN, 2021 WL 4398598, at *1 (D. Colo. Sept. 27, 2021) (observing that "a magistrate judge's decision to grant leave to amend a complaint [is] non-dispositive."). Thus, this court proceeds by Order.

[2] The court draws these facts from Plaintiff's Complaint [Doc. 3].

Almost six months later on September 7, 2021, Defendant filed the instant Motion to Amend. In the Motion, State Farm claims that, during discovery, it learned that Plaintiff "was not an insured under any policy providing UIM coverage." [Doc. 22 at 3]. However, in the Answer to the Complaint, which was filed before discovery commenced, State Farm admits that Plaintiff was an insured under a policy of insurance, to the terms, limitations, conditions, and duties of the policy. *See* [*id.*]; [Doc. 8 at ¶ 75 ("State Farm admits that at the time of the subject motor vehicle accident, Plaintiff was insured under a policy of insurance issued by State Farm, subject to the terms, limitations, conditions, and duties of the policy."). Additionally, in the Scheduling Order [Doc. 17], State Farm similarly "admitted that Plaintiff was an insured under the Dodge Policy." [Doc. 22 at 3]; *see* [Doc. 17 at 2–3]. The Parties also submitted an Undisputed Fact in the Scheduling Order, that "[a]t the time of the accident, Plaintiff was insured with State Farm, subject to the terms, duties, conditions, and limitations of the applicable insurance policy ('the UIM policy.')." [Doc. 22 at 3; Doc. 17 at 4]. State Farm now seeks leave to (1) amend its Answer and Jury Demand [Doc. 8]; (2) amend its Statement of Claims and Defenses set forth in the Scheduling Order [Doc. 17]; and (3) withdraw Undisputed Fact No. 6 from the Scheduling Order [*id.*]. [Doc. 22 at 3].

Plaintiff responded in opposition to the Motion, arguing that State Farm has not demonstrated good cause to amend the Scheduling Order because it has failed to adequately explain its delay in seeking leave to amend its answer. *See* [Doc. 24 at 5–8, 10–11]. In addition, Plaintiff asserts that State Farm has not demonstrated that amendment is proper under Rule 15(a), including that State Farm's motion is unduly delayed, that Plaintiff will be prejudiced by the proposed amendment, and the proposed amendment would be futile. [*Id.* at 8–9]. State Farm filed

its Reply on October 29, 2021 [Doc. 25]. Because this matter is ripe for disposition, I consider the Parties' arguments below.

## STANDARD OF REVIEW

The purpose of the deadline to amend pleadings, as set out in a Scheduling Order, is to force the parties to prioritize their discovery to obtain the information necessary to know if amendment is required sooner rather than later. This also ensures that discovery proceeds in an orderly fashion. *See Valles v. Gen-X Echo B, Inc.*, No. 13-cv-00201-RM-KLM, 2013 WL 5832782, *3 (D. Colo. Sept. 27, 2013). Accordingly, when a party seeks to amend pleadings after the deadline set in the Scheduling Order, the court's consideration is subject to a two-prong analysis. First, the party must establish good cause under Rule 16(b)(4) of the Federal Rules of Civil Procedure. *See Gorsuch, Ltd., B.D. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Second, only if the party establishes good cause does the court turn to whether amendment is proper under Rule 15(a) of the Federal Rules of Civil Procedure. *Id*. at 1242; *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001).

Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Gorsuch,* 771 F.3d at 1240 (citing *Pumpco, Inc. v. Schenker Int'l, Inc.,* 204 F.R.D. 667, 668 (D. Colo. 2001)). This burden is satisfied, for example, when a party learns of new information in a deposition or that the governing law has changed. *Id.* "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Colo. Visionary Acad. v. Medtronic, Inc.,* 194 F.R.D. 684, 687 (D. Colo. 2000).

By contrast, Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts have described the standard under Rule 15(a) as "more lenient" than that under Rule 16(b). *Pumpco*, 204 F.R.D. at 668. Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Id.*; *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993). Whether to allow amendment is within the trial court's discretion. *Burks v. Okla. Publ'g Co.,* 81 F.3d 975, 978–79 (10th Cir. 1996). The party contesting the motion to amend has the burden of proving that the amendment should be refused on one of these bases. *Acker v. Burlington N. & Santa Fe R. Co.*, 215 F.R.D. 645, 654 (D. Kan. 2003).

## ANALYSIS

### I. Rule 16(b)(4)

First, the court must determine if amendment of the Scheduling Order is appropriate under Rule 16(b)(4). In its Motion to Amend, State Farm's arguments do not expressly address diligence. *See generally* [Doc. 22]. However, State Farm argues that the amendment of the Scheduling Order is supported by good cause, *see* [*id.* at 9–10], and asserts that its Motion to Amend is timely in the course of arguing that amendment is warranted under Rule 15(a), *see* [*id*. at 5–9]. This court will construe these arguments as asserting that any delay in seeking amendment was justified. *Cf. Minter v. Prime Equip. Co*., 451 F.3d 1196, 1205 n.4 (10th Cir. 2006) (noting the "rough similarity between the 'good cause' standard of Rule 16(b) and [the] 'undue delay' analysis under Rule 15").

State Farm seeks to amend its Answer and Statement of Claims and Defenses in the Scheduling Order, as well as withdraw Undisputed Fact No. 6 from the Scheduling Order, on the basis that, during discovery, it learned that Plaintiff "was not an insured under any policy providing

5

UIM coverage." [Doc. 22 at 3]. Specifically, after Plaintiff made his claim for UIM benefits, State Farm explains it "promptly performed a customer search / coverage search for potentially available policies that may provide coverage to Plaintiff" and identified two such policies: (1) Plaintiff's policy "issued by State Farm which carried bodily injury liability coverage for the vehicle Plaintiff was driving at the time of the accident, a 2019 Nissan Frontier …" (the "Nissan Policy"); and (2) a policy issued by State Farm to Plaintiff's parents for a 2001 Dodge Ram 1500 (the "Dodge Policy"). [*Id*]. State Farm claims that the Nissan Policy did not provide UIM coverage, while the Dodge Policy did provide UIM coverage. [*Id*.]. State Farm explains that it "identified the Dodge Policy as potentially providing UIM coverage because the address associated with both policies was the same" and therefore "Plaintiff may have been either (1) a resident relative of his parents, the named insureds; or (2) he may have been occupying a vehicle owned by the named insureds that was provided liability coverage under a policy issued by State Farm (i.e. the Nissan Policy)." [*Id.*]. In the course of conducting discovery in this case, however, State Farm claims it discovered that Plaintiff's parents "were ***not*** owners of the 2019 Nissan Frontier, despite the fact that they were listed as named insureds on that vehicle," and "[i]nstead, Plaintiff was the sole owner of that vehicle." [*Id*. at 2 (emphasis in original)]. Thus, State Farm now contends that Plaintiff was not an "insured" under the Dodge Policy and therefore "does not qualify for UIM benefits." [*Id*. at 3].

In his Response, Plaintiff argues that State Farm "had the information pre-suit that it now relies on in support of its request to withdraw its judicial admissions," [Doc. 24 at 6], and thus there is no good cause for State Farm's delay in seeking to modify the Scheduling Order or its Answer, *see* [*id*. at 5–10]. Specifically, in the Motion to Amend, State Farm represents that "[i]n pre-litigation correspondence to State Farm and as set forth in the Complaint, Plaintiff stated that his address was 136 Dawson Place, Longmont, CO 80504. This address is a different location from

6

his parents address shown on the Declarations Page for the Dodge Policy." [Doc. 22 at 6]. Based on those representations by State Farm, Plaintiff argues that State Farm had "the opportunity to determine coverage before this litigation began," and "[i]f there were any issue[s] with coverage, State Farm should have known that before this litigation commenced." [Doc. 24 at 6]. Plaintiff also argues that "the information [State Farm] obtained during Mr. Miller's deposition was not new" insofar as State Farm "knew that Mr. Miller's address where he resided at the time of the collision was different than the address on his parents' policy from the outset of this claim." [*Id*. at 8].

The "good cause" provision "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Minter*, 451 F.3d at 1205 n.4. "[A] movant's Rule 16(b) 'burden is satisfied … when a party learns of new information'" in discovery. *Openwater Safety IV, LLC v. Great Lakes Ins. SE*, 435 F. Supp. 3d 1142, 1153 (D. Colo. 2020) (quoting *Gorsuch*, 771 F.3d at 1240). In determining whether good cause exists for delay, the "question is when the [moving party] first learned of new information that it sought to include in its pleadings." *Fountain Valley Inv. Partners, LLC v. Cont'l W. Ins. Co.*, No. 14-cv-01906-MSK-NYW, 2015 WL 7770772, at *2 (D. Colo. Dec. 3, 2015).

Here, the collision occurred on or about October 31, 2020, and, based on "pre-litigation correspondence to State Farm," Defendant understood Plaintiff's residential address at that time was "a different location from his parents address shown on the Declarations Page for the Dodge Policy." [Doc. 22 at 6]. However, the Nissan Policy issued to Plaintiff "also listed his parents address on the policy," and it was unknown to State Farm whether Plaintiff's parents co-owned Plaintiff's 2019 Nissan Frontier. [*Id.*]. Moreover, both Parties acknowledge that Plaintiff's deposition did not occur until June 2021, after the deadline to amend the pleadings had already

7

passed.  *See* [Doc. 22 at 8; Doc. 24 at 5–6]; *see also* [Doc. 17 at 8 (stating the deadline for amendment of pleadings was April 28, 2021)].  Indeed, State Farm argues that it was Plaintiff's testimony at his deposition that revealed the new information that State Farm now cites as a basis for amendment of its Answer and the Scheduling Order.  [Doc. 22 at 6].  Specifically, State Farm asserts that Plaintiff testified "at his deposition that at the time of the accident he was driving a 2019 Nissan Frontier, that he was the owner of that vehicle, and that there were no other owners of that vehicle at the time of the accident," [*id.* (citing [Doc. 22-3 at 101:7–14])]; and "[t]he fact that Plaintiff was the sole owner of the Nissan Frontier—and specifically that Shawn and Theresa Miller were ***not*** owners of the Nissan Frontier—<u>was new information to State Farm</u>," [*id.* (first emphasis in original, second emphasis added)].

As noted above, Plaintiff does not challenge State Farm's assertion that it learned about the ownership of the subject vehicle from Plaintiff *at his deposition*.  *See* [Doc. 24].  There is no evidence in the record that State Farm knew of the actual ownership of the 2019 Nissan Frontier prior to April 28, 2021, or that State Farm could have ascertained Plaintiff's sole ownership of the vehicle based solely on Plaintiff's residential address when both policies were issued to his parents' address.  This court agrees that State Farm could have scheduled discovery differently; nevertheless, there is nothing before the court to suggest that State Farm improperly delayed in seeking this information or in filing the instant Motion to Amend.  And ultimately, although this court agrees that Defendant could have been more diligent, it concludes that Defendant was sufficiently diligent to meet its burden.  In sum, the court finds that State Farm has established good cause for seeking to amend the pleadings after the deadline to do so in the Scheduling Order.[3]

---

[3] Plaintiff also contends that State Farm's assertion that it "identified the Dodge Policy as potentially providing UIM coverage ... ," *see* [Doc. 22 at 2], is "not an entirely accurate statement" because State Farm had already "determined there was coverage, not just that there was potential coverage." [Doc. 24 at 7 n.1].  However, Plaintiff's only support for his position is a citation to

8

**II.     Rule 15(a)**

I now turn to whether Defendant's requested amendment would be proper under Rule 15(a). Plaintiff, as the non-moving party, bears the burden of demonstrating that Defendant's requested amendment is sought in bad faith, is futile, was unduly delayed, or would cause substantial prejudice to Plaintiff. *Frank*, 3 F.3d at 1365. Plaintiff asserts that the Motion to Amend should be denied because (1) the Motion is unduly delayed; (2) Plaintiff would be prejudiced by State Farm's proposed amendment; and (3) the proposed amendment would be futile. [Doc. 24 at 8–10].

First, Plaintiff's undue delay argument is based on the position that State Farm did not obtain "new" information during Plaintiff's deposition insofar as State Farm knew that Plaintiff's residential address "at the time of the collision was different than the address on his parents' policy from the outset of this claim." [*Id*. at 8]. Accordingly, Plaintiff requests that the court construe State Farm's position to be that "it has conducted a new coverage investigation, based upon information it always had," and contends that "State Farm's failure to timely do something that it could and should have done even before litigation makes its months-long delay in moving for leave to amend its answer unduly delayed." [*Id.*]. This argument might be persuasive if State Farm's proposed amendment was based solely upon learning Plaintiff's residential address at the time of the accident, but that is not the case here. Instead, as discussed above, Defendant's proposed amendment is based on new information it learned from Plaintiff's testimony "at his deposition that at the time of the accident he was driving a 2019 Nissan Frontier, … he was the owner of that vehicle, and that there were no other owners of that vehicle at the time of the accident." [Doc. 22

---

the very paragraph in the Answer which State Farm seeks to amend in the instant Motion. *Compare* [*id*. at 7 n.1 (citing [Doc. 8 at ¶ 75])] *with* [Doc. 22 at 7 (noting that Defendant is seeking to amend Paragraph 75 of the Answer)].

9

at 6 (citing [Doc. 22-3 at 101:7–14])]; *see also* [*id*. ("The fact that Plaintiff was the sole owner of the Nissan Frontier—and specifically that Shawn and Theresa Miller were ***not*** owners of the Nissan Frontier—was new information to State Farm." (emphasis in original))]. Moreover, Plaintiff does not explain what State Farm "could and should have done … before litigation" to confirm the ownership of Plaintiff's vehicle. *See* [Doc. 24 at 8]. Therefore, the court finds that Plaintiff has not met his burden of demonstrating that leave to amend should not be granted on the basis of undue delay.

Second, the court also finds that Plaintiff fails to establish prejudice by State Farm's proposed amendment. In the Response, Plaintiff argues he "has relied on State Farm's representations that he is an insured under his parents' policy since the pre-litigation claim process," including that he (1) "incurred costs and endured the emotional stress of litigation … with the understanding that State Farm agrees he is a covered person under his parents' UIM policy," and (2) "has tailored his discovery in this matter based upon State Farm's consistent representations that there is coverage." [*Id*. at 9]. Plaintiff argues he would be "significantly prejudiced if he were forced to reconstitute the legal theories underlying his case based upon State Farm's proposed amendment to its answer." [Doc. 24 at 9]. In its Reply, State Farm disagrees that Plaintiff will be prejudiced because "[s]uit in this case was filed by [Plaintiff's] attorneys who specialize in this area of law" and counsel should have known "that it was essential that Plaintiff prove he was an insured under the Dodge Policy issued to his parents and therefore entitled to UIM coverage." [Doc. 25 at 6]. State Farm also argues that "Plaintiff fails to articulate what discovery he would have approached differently, or why that discovery cannot be completed in the remaining discovery period" and "Plaintiff will not be significantly prejudiced by being required to prove coverage, which is an essential element of each of his claims." [*Id*.].

Although this court does not seek to address the substance of the Parties' coverage arguments here, the court nevertheless agrees with Defendant that Plaintiff fails to show prejudice here. The court is cognizant that, when State Farm filed the Motion to Amend, the discovery deadline had not yet passed.[4] Plaintiff identifies no additional discovery he intended to seek (or could have sought) before the discovery deadline, despite learning about the basis for the instant Motion more than two months before the discovery deadline. Further, this court is not persuaded that Plaintiff's references to the "costs" and "emotional stress of litigation" describes anything more than the ordinary burdens associated with litigating a case. *Cf. Baldwin v. United States*, No. 11-cv-02033-MSK-KLM, 2011 WL 5177698, at *2 (D. Colo. Nov. 1, 2011) (concluding that the defendant would not be prejudiced in the absence of a stay of discovery because the "ordinary burdens associated with litigating a case do not constitute undue burden."); *Ledezma v. Young Life*, No. 20-cv-01896-NYW, 2021 WL 2823261, at *9 (D. Colo. Jan. 8, 2021) ("A court's discretion to enter protective orders under Rule 26(c) is reserved for circumstances that present more than the ordinary burdens of litigation or the unpleasantness that may be associated with discovery or litigation[.]").

Third, this court is not persuaded by Plaintiff's futility argument. *See* [Doc. 24 at 9]. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal. *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004); *see, e.g.*, *id.* (futile because claim was subject to statute of limitations); *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (futile for failure to allege all elements of cause of action); *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1200 (10th Cir. 2006) (futile because amended claim would seek relief barred by statute). Plaintiff

---

[4] The discovery deadline passed on November 22, 2021, and the dispositive motion deadline is approaching on December 20, 2021. *See* [Doc. 17 at 7].

11

argues that State Farm's "proposed amendment would be futile" on the basis that the term "resident relative" as defined under the Dodge Policy applies to Plaintiff, and Plaintiff explains how Colorado courts evaluate one's "residence" in the context of automobile insurance exclusions. *See* [Doc. 24 at 9–10]. In support of this argument, Plaintiff also attaches an "Affidavit of Taylor Miller," wherein Plaintiff represents that, at the time of the crash, he "still considered [him]self to be a resident of [his] parent's home and their address to be [his] permanent address," [Doc. 24-1 at ¶ 3], as well as other related representations, *see* [*id.*].

This court finds that Plaintiff's attempt to recast the court's futility analysis under Rule 15(a)(2) into a summary judgment argument is both premature and inefficient. To the extent that Plaintiff believes that the proposed amendment is subject to summary judgment, such analysis is better presented through a motion for summary judgment that complies with the Civil Practice Standards for the presiding judge, the Honorable Philip A. Brimmer.[5] *White River Vill., LLP v. Fid. & Deposit Co. of Maryland*, No. 08-cv-00248-REB-MEH, 2013 WL 6168853, at *4 (D. Colo. Nov. 25, 2013). Indeed, as the court noted in *White River*, "the denial of a motion to amend is a dispositive issue that may be only recommended by this Court," and proceeding under a future Rule 56 motion "may, at least, avoid one round of objections under Fed. R. Civ. P. 72(a) or 72(b)." *Id.* Accordingly, with a mind to the interests of judicial economy, this court exercises its discretion in declining to engage in a detailed futility analysis in the context of this instant Motion. *Cf. Fuller v. REGS, LLC*, No. 10-cv-01209-WJM-CBS, 2011 WL 1235688, at *3 (D. Colo. March 31, 2011) (the court was "guided by pragmatism and efficiency" in exercising its discretion to grant motion to amend rather than apply futility analysis).

---

[5] *See* Brimmer Civ. Practice Standards III.F.3.

The Tenth Circuit has stated that the purpose of Rule 15(a) is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter*, 451 F.3d at 1204. Without passing on the merits of the defense, this court simply observes that under Colorado law, "the doctrines of waiver and estoppel cannot create coverage where none exists under the policy." *RK Mech., Inc. v. Travelers Prop. Cas. Co. of Am.*, 944 F. Supp. 2d 1013, 1019 (D. Colo. 2011) (citations omitted). As such, the court cannot see a basis to depart from the permissive Rule 15 standards governing amendment of pleadings.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

(1) Defendant State Farm Mutual Automobile Insurance Co.'s Opposed Motion to Amend its Answer and Jury Demand and its Statement of Claims and Defenses in the Scheduling Order, and to Withdraw Undisputed Fact No. 6 from the Scheduling Order [Doc. 22] is **GRANTED**.

DATED:  December 17, 2021

BY THE COURT:

Nina Y. Wang
United States Magistrate Judge